McGuane, J.
In this action, the plaintiff alleges a breach of express and implied warranties in the sale of a new truck and violation of the Consumer Protection Law, G.L. Chapter 93A.
The trial judge made extensive findings of fact most of which were undisputed. The plaintiff purchased a new truck from the defendant. Within three or four months of purchase there was trouble and damage to the engine. The plaintiffs position was that the damage was caused by a defective connector rod. The defendant refused to repair the damage claiming the problem was caused by misuse and water damage and was excluded under the warranties.
The trialjudge heard opinion evidence by both sides and was not convinced by a preponderance of the evidence either way.
He thus found for the defendant on the basis that the plaintiff had failed to prove his case by a preponderance of the evidence.
There were requests filed most of which were requests for factual findings and we find that the judge made proper rulings on all the requests.
Since there was evidence tending to support both plaintiffs and defendant’s positions and since the court found that the evidence was in equipoise, the plaintiff failed in carrying his burden of proof.
An Appellate Court should not disturb a finding if it can be supported on any reasonable view of the evidence with all the rational inferences of which it is susceptible. Luongo v. Zimmerman, *157 47 Mass. App. Sec. 126 to page 129.
In Smith v. First National Bank in Westfield, 99 Mass. 605, 612, (1968), the court stated:
When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong.
There being no prejudicial error of the law, the report is dismissed.